443 A.2d 1181

**Daniel H. and Ann BELSKY**

v.

**Harry R. RUTENBERG, Esq. and Rutenberg, Rutenberg, and Rutenberg and Milton LaFair, Appellants.**

Superior Court of Pennsylvania.

Argued Dec. 8, 1981.

Filed April 2, 1982.

Ronald N. Rutenberg, Philadelphia, for appellants.

Alvin F. DeLevie, Philadelphia, for appellees.

Before SPAETH, MONTGOMERY and LIPEZ, JJ.

MONTGOMERY, Judge:

The Defendant-Appellants file the instant appeal from an order of the lower court which granted a motion to quash an appeal which the Appellants took from an award of a board of arbitrators. It is clear that the order of the lower court was erroneous and must be reversed.

The record shows that the Plaintiff-Appellees filed a complaint in assumpsit and trespass against the Appellants, Attorney Harry A. Rutenberg, the law firm in which he was a partner, and Milton LaFair, the former husband of the Plaintiff-Appellee Ann Belsky. The Appellees claimed that Attorney Rutenberg gave erroneous advice to Ann Belsky, concerning tax considerations arising in the course of the settlement of property matters at the time of her divorce from her former husband, Milton LaFair. Such tax advice purportedly caused the Plaintiff-Appellees to suffer unexpected adverse tax consequences.

Appropriate responsive pleadings were filed on behalf of the Defendants and the matter was scheduled to be heard before an arbitration panel. As a result of various circumstances, which were disputed by the parties in later proceedings in the lower court, the Defendants did not appear at the September 9, 1980 hearing before the arbitration panel, which proceeded to hear the case ex parte. The arbitrators rendered an award in favor of the Plaintiffs, and against all Defendants, in the sum of Ten Thousand ($10,000.00) Dollars.

All of the Defendants then filed a timely appeal from the award of the arbitrators. The Defendants attached an affidavit to their appeal which stated that the appeal was not taken for the purposes of delay, but because the defense

firmly believed an injustice had been done.[1]  The Plaintiffs' motion to quash the appeal was based upon the contentions that the appeal was taken only for purposes of delay and the affidavit of non-delay was merely a sham and fraud upon the court.  The Defendants filed responses to the motion to quash, denying the allegation of delay, and contending that various confusing circumstances had caused the Defendants' failure to appear at the arbitration hearing.

The lower court examined the situation and apparently concluded that the Defendants had merely ignored the arbitration hearing, feeling that they had an absolute right of appeal.  Such circumstances convinced the court that the appeal was not being taken in good faith, and the court granted the motion to quash the appeal.

This Court was presented with a virtually identical situation, arising from the Court of Common Pleas of Philadelphia County, in the case of *Dickerson v. Hudson*, 223 Pa.Superior Ct. 415, 302 A.2d 444 (1973).  In that case, the lower court quashed a timely appeal which had been filed from an adverse arbitration decision, based upon its finding that the appellant had not taken the appeal in good faith.  Our Court reversed the order of the lower court, holding that a party appealing from an arbitration award is not obliged to demonstrate that the appeal is taken in good faith or because of a reasonable belief that an injustice had been done.  In *Dickerson*, our decision was based upon our recognition that the lower court's decision resulted in an infringement of the Constitutional right to trial by jury.  We also noted the general policy favoring a liberal construction of our statutes granting rights of appeal.  We find the *Dickerson* decision to be directly applicable here, and must hold that the lower court erred in inquiring into the good faith of the Defendants in taking the appeal from the arbitration award.

1.  Rule 180, VII(A)(1) of the Arbitration Rules of Philadelphia County provided: "The Appellant shall file . . . an affidavit that the appeal is not taken for delay but because he firmly believes an injustice has been done."

The order of the lower court is reversed, the appeal from the award of the arbitrators is reinstated, and the case is remanded for trial. Jurisdiction is not retained.